IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JESSIE DANCER | § | |
| v. | § | CIVIL ACTION NO. 6:21cv14 |
| | | (Consolidated with 6:21cv40) |
| SGT. LOFTIS, ET AL. | § | |

INITIAL REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Jessie Dancer, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. This lawsuit has been consolidated with another case that Dancer filed concerning the same incident. The named Defendants are Sgt. Aaron Loftis, TDCJ-CID Director Bobby Lumpkin, Michael Unit Warden Bapcock, and Sgt. Carmichael.

**I. Background**

In his original complaint, Dancer asserted that on January 6, 2020, Sgt. Loftis slammed his head into the water fountain spout by grabbing him and swinging him into it. He contended that Sgt. Loftis also slammed him into the concrete wall and then onto the floor. Dancer stated that Director Lumpkin and Warden Bapcock "failed to protect prisoners after being advised," but offered no factual support for this conclusion.

In the consolidated complaint, Dancer complained that Sgt. Loftis handcuffed him from the back and slammed him on his head on January 6, 2020, causing injuries to his head, back, neck, and forehead. Sgt. Carmichael responded to the Incident Command System call concerning the incident

and therefore had personal knowledge, so he should not have investigated it.  Sgt. Carmichael also stated that he had investigated the case at the hospital, but Dancer had a severe head injury and was in no condition to participate in an investigative interview.

## II. Discussion

Dancer alleges that Sgt. Loftis slammed his head into a water fountain and then to the wall and floor. This claim of excessive force requires further judicial proceedings. *Bourne v. Gunnels*, 921 F.3d 484, 491 (5th Cir. 2019).

Dancer next asserts that Warden Bapcock and TDCJ-CID Executive Director Bobby Lumpkin "failed to protect prisoners after being advised," but he furnishes no facts in support of this allegation.

The Supreme Court has explained that Rule 8(a) of the Federal Rules of Civil Procedure does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement.  Courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id.* at 678.

A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," or if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability. *Id.*; *see also Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level.  *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).  "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

If the facts alleged in a complaint do not permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *Id*. (citing Fed. R. Civ. P. 8(a)(2)). A complaint is properly dismissed if it does not state sufficient facts to set forth a plausible claim or if the claims it raises are merely speculative. *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012).

Dancer's claims against Warden Bapcock and Director Lumpkin are little more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." These allegations do not permit the Court to infer more than the mere possibility of misconduct and do not state sufficient facts to set forth a plausible claim. Consequently, Dancer's claims against Warden Bapcock and Director Lumpkin should be dismissed for failure to state a claim upon which relief may be granted.

Dancer also sues Sgt. Carmichael for conducting an inadequate and improper investigation. The Fifth Circuit has held that prisoners do not have a constitutionally protected liberty interest in having internal prison investigations conducted in a manner they believe appropriate, even if the manner in which the investigation was conducted violated prison rules. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Dancer's claim against Sgt. Carmichael should be dismissed for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's claims against the Defendants Warden Bapcock, Director Bobby Lumpkin, and Sgt. Carmichael be dismissed without prejudice for failure to state a claim upon which relief may be granted. It is further recommended that these Defendants be dismissed as parties to the lawsuit. The dismissal of these claims and parties should have no effect upon the Plaintiff's claims against Sgt. Aaron Loftis.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 18th day of August, 2021.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE