IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JESSIE DANCER | § | |
| v. | § | CIVIL ACTION NO. 6:21cv14 (Consolidated with 6:21cv40) |
| SGT. LOFTIS, ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Jessie Dancer, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The lawsuit has been consolidated with another case that Dancer filed concerning the same incident. This Report concerns the Defendant Sgt. Aaron Loftis.

**I. Background**

Dancer complains that on January 6, 2020, Sgt. Loftis handcuffed him and slammed his head into the water fountain spout by grabbing him and swinging him into it. He contended that Sgt. Loftis also slammed him into the concrete wall and then onto the floor. As a result, Dancer stated that he suffered memory loss, back pain, and headaches.

On December 21, 2021, Sgt. Loftis filed a motion for summary judgment asserting that Plaintiff failed to exhaust his administrative remedies. He furnished summary judgment evidence consisting of Dancer's grievance file between January 6, 2020, and September 23, 2021. During this time, the summary judgment evidence shows Dancer filed one grievance, concerning the disciplinary case he received as a result of the incident involving Sgt. Loftis.

Dancer's Step One grievance, no. 2020063343 (docket no. 29-1, p. 5), begins by saying "this is an appeal of disc. case #20200099504." The grievance says that his right to due process was violated when he was held in pre-hearing detention for more than 72 hours without a legitimate reason, the officer who investigated the incident report had direct knowledge of the incident and therefore should not have conducted the investigation, a proper investigation was not done because Dancer had a head injury and was in no condition to participate in an investigative interview at the hospital, Sgt. Loftis was not interviewed as part of the investigation, and in fact Sgt. Loftis' name appears nowhere on the case. Dancer asked that the disciplinary case be deleted from his record. The response to the Step One grievance stated that the disciplinary case has been reviewed and no procedural errors were noted, there was sufficient evidence to support the finding of guilt, the punishment imposed was within guidelines, and creating disturbances would not be tolerated.

In his Step Two appeal of this grievance, Dancer again says he was held in pre-hearing detention for more than 72 hours, Sgt. Carmichael answered the ICS call [i.e. a call for backup because an incident was taking place] and also investigated the case, Sgt. Carmichael said he investigated the case at the hospital which was not a proper investigation, Dancer was not allowed to call Sgt. Loftis, Sgt. Loftis has a history of assaults against inmates, and Dancer did nothing to justify the use of force. The response to this grievance appeal stated that the disciplinary charge was appropriate for the offense, the guilty verdict was supported by a preponderance of the evidence, all due process requirements were satisfied, and the punishment assessed was within agency guidelines. (Docket no. 29-1, p. 3).

In his motion for summary judgment, Sgt. Loftis argues that Dancer's grievance concerned the disciplinary case, not the use of force, and thus does not suffice to exhaust his administrative remedies regarding the use of force. Dancer did not file a response to the motion for summary judgment; consequently, the district court may accept as undisputed the facts listed in support of the Defendant's motion. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *United States v. Dallas Area Rapid Transit*, 96 F.3d 1445, 1996 U.S. App. LEXIS 25217, 1996 WL 512288 (5th Cir., August 30, 1996).

**II. Discussion**

The law governing the exhaustion of administrative remedies is found in 42 U.S.C. § 1997e, which provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under this statute, prisoners are required to exhaust available administrative remedies before filing suit in federal court. *Jones v. Bock*, 549 U.S. 199, 202, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Proper exhaustion is required, meaning the prisoner must not only pursue all available avenues of relief, but must also comply with all deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). This requirement means mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion; instead, prisoners must exhaust administrative remedies properly. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

All of the steps in a facility grievance procedure must be pursued in order to exhaust administrative remedies. *Johnson*, 385 F.3d at 515. This means that in order for prisoners of the Texas Department of Criminal Justice - Correctional Institutions Division to exhaust an issue properly, the issue must be presented in a Step One grievance and then appealed to Step Two. New issues cannot be raised for the first time in a Step Two grievance appeal and only one issue per grievance may be presented. *Randle v. Woods*, 299 F.App'x 466, 2008 U.S. App. LEXIS 24138, 2008 WL 4933754 (5th Cir., November 19, 2008), *citing Woodford*, 548 U.S. at 92-93 *and Johnson*, 385 F.3d at 515; *see also* TDCJ Offender Orientation Handbook, February 2017, p. 74 (inmates may present only one issue per grievance) (available online at https://www.tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf). Furthermore, the district court may not excuse failure to exhaust available administrative remedies prior to filing a lawsuit under the Prison Litigation Reform Act, even to take "special circumstances" into account. *Ross v. Blake*, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016).

The Fifth Circuit has stated that the exhaustion requirement must be interpreted in light of its purposes, which include the goal of giving prison officials "time and opportunity to address complaints internally." *Johnson*, 385 F.3d at 516, *citing Porter v. Nussle*, 534 U.S. 516, 525, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Thus, a grievance is considered sufficient to the extent it "gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson*, 385 F.3d at 517. The amount of information necessary depends to some extent on the type of problem about which the prisoner complains. In this regard, the Fifth Circuit explained as follows:

> If an inmate claims that a guard acted improperly, we can assume that the administrators responding to the grievance would want to know—and a prisoner could ordinarily be expected to provide—details regarding who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter. In contrast, a grievance in which an inmate says that his cell is habitually infested with vermin, or that the prices in the commissary are too high, could adequately alert administrators to the problem whether or not the grievance names anyone. *Compare Curry v. Scott*, 249 F.3d 493, 505 (6th Cir.2001) (holding that a grievance specifically complaining of a beating at the hands of one guard did not suffice to exhaust a failure-to-protect claim against another guard, not mentioned in the grievance, who stood by and watched), *with Brown v. Sikes*, 212 F.3d 1205, 1207–10 (11th Cir.2000) (holding that a prisoner who knew only that he had not received prescribed medical equipment had exhausted his claim, notwithstanding that his grievance did not name anyone).

*Johnson*, 385 F.3d at 517.

Sgt. Loftis has furnished summary judgment evidence showing that the one grievance filed by Dancer concerned a disciplinary case which he received, not the alleged use of force. The filing of a grievance appealing a disciplinary case does not give prison officials a fair opportunity to address a claim of excessive force. *See Bagby v. Karriker*, civil action no. 6:12cv266, 2013 U.S. Dist. LEXIS 56525, 2013 WL 1644497 (E.D.Tex., March 27, 2013), *Report adopted at* 2013 U.S. Dist. LEXIS 54289, 2013 WL 1644337 (E.D.Tex., April 16, 2013), *appeal dismissed as frivolous* 539 F.App'x 468, 2013 U.S. App. LEXIS 18104, 2013 WL 4573601 (5th Cir., August 29, 2013) (grievance concerning disciplinary case did not exhaust claim of excessive force even though the disciplinary case and the alleged excessive force involved the same incident). Because Dancer did not exhaust his administrative remedies concerning his only claim against Sgt. Loftis, the alleged excessive force, his claim against Sgt. Loftis should be dismissed.

### III. Conclusion

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Burleson v. Texas Department of Criminal Justice*, 393 F.3d 577, 589 (5th Cir. 2004). If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. *Id.*, citing *Allen v. Rapides Parish School Board*, 204 F.3d 619, 621 (5th Cir. 2000). A properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to show a genuine factual issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Fifth Circuit has held that "after *Woodford* and *Jones*, there can be no doubt that pre-filing exhaustion of administrative remedies is mandatory." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). The court went on to state that "district courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Id.*

Summary judgment may properly be granted where the competent summary judgment evidence shows that the prisoner failed to exhaust his administrative remedies. *Stout v. North-Williams*, 476 F.App'x 763, 2012 U.S. App. LEXIS 7579, 2012 WL 1292766 (5th Cir., April 16, 2012); *Tuft v. Texas*, 410 F.App'x 770, 2011 U.S. App. LEXIS 434, 2011 WL 72198 (5th Cir., January 7, 2011). A review of the pleadings and summary judgment evidence in this case shows that the Defendant Sgt. Loftis is entitled to judgment as a matter of law because the Plaintiff Jessie Dancer did not properly exhaust his administrative remedies. The claim against Sgt. Loftis should be dismissed without prejudice for failure to exhaust. *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019) (failure to exhaust warrants dismissal without prejudice).

## RECOMMENDATION

It is accordingly recommended that Sgt. Loftis' motion for summary judgment be granted and the claim against him dismissed without prejudice for failure to exhaust administrative remedies.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 4th day of April, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE