IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JESSIE DANCER, | § § § | |
| Plaintiff, | § § | Case No. 6:21-cv-14-JDK-KNM |
| v. | § § | Consolidated Case No. 6:21-cv-40-JDK-JDL |
| AARON LOFTIS, et al., | § § | |
| Defendants. | § § § | |

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jessie Dancer, a Texas Department of Criminal Justice inmate proceeding pro se, brings these consolidated civil rights lawsuits under 42 U.S.C. § 1983. This case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Before the Court are two Reports and Recommendations by Judge Mitchell. In the first, dated August 18, 2021, Judge Mitchell recommends that the Court dismiss Plaintiff's claims against Defendants Bobby Lumpkin, Warden Bapcock, and Sergeant Carmichael without prejudice for failure to state a claim upon which relief may be granted. Docket No. 16. In the second, dated April 4, 2022, Judge Mitchell recommends that the Court grant Defendant Aaron Loftis's motion for summary judgment (Docket No. 29) and dismiss Plaintiff's claims against him without prejudice for failure to exhaust administrative remedies. Docket No. 32. Plaintiff did

1

not file objections to the first Report. Plaintiff did object to the second Report. Docket No. 34.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). Where a party does not properly object, the Court reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

In his objections to the second Report, Plaintiff asserts that if he had filed a grievance against Defendant Loftis, the grievance would have been returned as moot because TDCJ has "circumvented the grievance procedure." Docket No. 34 at 1–2. He explains that TDCJ held a disciplinary hearing right away and found Defendant Loftis guilty of using excessive force and suspended him; furthermore, Plaintiff contends that the head of the Office of the Inspector General charged Defendant Loftis with official oppression and relieved him of all work duties. Plaintiff states "I got this information from my people, not from TDCJ." *Id.* at 2.

2

Plaintiff next contends that his due process rights were violated when TDCJ suspended Defendant Loftis because it deprived him of his right to face his accuser. *Id.* He argues that Defendant Carmichael wrote the disciplinary charge against him based solely on hearsay and that Defendant Loftis did not write it. *Id.* at 3. Because this was improper, Plaintiff asserts that the disciplinary case should be thrown out as well. After arguing again that he was denied the right to face his accuser, Plaintiff asserts that if Defendant Loftis had not been guilty, TDCJ would not have filed charges on him. He contends that all he wanted was to have the disciplinary case removed from his record, but now that he has had to come to federal court, he wants compensation for mental and physical pain and suffering. *Id.* at 3–4.

Plaintiff's objections essentially argue that he should be excused from the exhaustion requirement because he believes exhaustion would have been futile. But as the Magistrate Judge stated, the Fifth Circuit has specifically held that "district courts have no discretion to excuse a prisoner's failure to properly exhaust the grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *see also Ross v. Blake*, 578 U.S. 632, 639 (2016) (the court may not excuse a failure to exhaust, even to take special circumstances into account).

While it is true that the exhaustion requirement hinges on the availability of administrative remedies, *see id.* at 642, Plaintiff's unsubstantiated assertions

3

concerning Defendant Loftis do not demonstrate that the grievance process was not "available" to him or was otherwise futile. *See Allard v. Anderson*, 260 F. App'x 711 (5th Cir. 2007). Even if Defendant Loftis was suspended from his duties and charged with official oppression, Plaintiff fails to show how this would have prevented him from filing a grievance about the incident in addition to the grievance he filed concerning the disciplinary case arising from the incident or how such a grievance would be rendered futile. *See Aguirre v. Dyer*, 233 F. App'x 365 (5th Cir. 2007); *Castro v. Crawfoot*, 102 F. App'x 852 (5th Cir. 2004). Rather, Plaintiff did not even attempt to file a grievance concerning the alleged use of force incident, and the Magistrate Judge correctly concluded that he failed to exhaust his administrative remedies.

The Court has conducted a careful de novo review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected and has reviewed the remaining portions of the Magistrate Judge's Reports for clear error, abuse of discretion, and conclusions contrary to law. Following that review, the Court has determined that the Reports of the Magistrate Judge are correct, and Plaintiff's objections are without merit.

Accordingly, the Court hereby **ADOPTS** the Reports of the Magistrate Judge (Docket Nos. 16, 32) as the opinion of the District Court. The Court hereby **GRANTS** Defendant Loftis's motion for summary judgment (Docket No. 29) and **DISMISSES** Plaintiff's claims against Defendant Loftis without prejudice for failure to exhaust administrative remedies. Further, the Court **DISMISSES** Plaintiff's claims against

Defendants Lumpkin, Bapcock, and Carmichael without prejudice for failure to state a claim upon which relief may be granted.

So **ORDERED** and **SIGNED** this **28th** day of **June, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE